UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE DARIUS BOYNTON, *et al.*, | ) | CASE NO. 1:17-cv-1466 |
| | ) | |
| | ) | |
| PETITIONERS, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| STATE OF OHIO, *et al.*, | ) | |
| | ) | |
| RESPONDENTS. | ) | |

*Pro se* petitioners, Andre Darius Boynton and Anika M. George, have filed a "Petition Seeking Federal Habeas Relief Under 28 U.S.C. § 2241." (Doc. No. 1.) They assert they are pretrial detainees in the Cuyahoga County Jail awaiting trial in two state criminal cases. They ask the Court "to dismiss all outstanding charges/claims" against them in the state cases with prejudice on the grounds of alleged violations of their speedy-trial rights under the Sixth and Fourteenth Amendments. (*Id.* at 2.) They have filed a "Motion for a Preliminary Injunction" asserting the same grounds. (Doc. No. 2.)

Promptly after the filing of a habeas corpus petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas

Corpus Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas petitions that lack of merit on their face). No response is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id*. Upon review, the Court finds this petition must be summarily dismissed.

Although a state pre-trial detainee may bring a federal habeas corpus action under § 2241 to demand a speedy trial, he may not seek pre-conviction habeas corpus relief to request that state charges be dismissed altogether, as petitioners do here. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-91, 93 S. Ct. 1123, 35 L. Ed. 2d 430 (1973); *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); *see also Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043-44 (S. D. Ohio 2011) ("a distinction is drawn between 'a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial'") (quoting *Dickerson v. State of La.*, 816 F.2d 220, 227 (5th Cir. 1987)). Moreover, comity concerns require that federal courts abstain from intruding into state criminal proceedings already underway by exercising jurisdiction over pre-conviction habeas petitions if the issues raised may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner. *Atkins*, 644 F.2d at 546.

Abstention is warranted here, and comity considerations require that petitioners fully present their speedy-trial claims in the state courts.[1]

**Conclusion**

Accordingly, the petition (Doc. No. 1) and the amended petition (Doc. No. 3) are dismissed. The motion for a preliminary injunction (Doc. No. 2) is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

**IT IS SO ORDERED**.

Dated: July 26, 2017

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**

---

[1] Here, petitioners have not exhausted their available state remedies. The state court criminal docket, of which this Court may take judicial notice, reveals that a jury trial on the state criminal charges began on July 24, 2017 and, as of the date of this memorandum opinion, is ongoing. *See State of Ohio v. Anika George and Andre D. Boynton*, Cuyahoga Cnty. Ct of C.P., Case No. CR-16-603301, Docket Sheet. Accordingly, petitioners cannot maintain that the state court has refused to bring them to trial. Further, the docket reflects that petitioner Boynton sought dismissal of the charges against him on speedy trial grounds, but the trial court denied the motion on July 14, 2017. In light of the fact that there is no judgment from which petitioner Boynton could have appealed, he has not exhausted this claim by presenting it to the highest court of the State of Ohio.